**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARCUS COLE CARPENTER, | No. 07-56214 |
| Petitioner -- Appellant, | D.C. No. CV-07-00135-ABC |
| v. | |
| JAMES A. YATES, | MEMORANDUM [*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Submitted December 15, 2009 [**]

Before:      GOODWIN, WALLACE, and FISHER, Circuit Judges.

California state prisoner Marcus Cole Carpenter appeals from the district court's order denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

EOH/Research

Carpenter contends that at trial, the court improperly admitted statements that the robbery victim had made to responding paramedics and police officers, in violation of his Sixth Amendment right to confrontation.

The state court's determination that the victim's statements to paramedics were admissible was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). The record reflects that the purpose of the paramedics' questions was to address the victim's ongoing medical emergency, rather than to assist law enforcement, and that the questioning took place in a chaotic environment that lacked any "level of formality." *Davis v. Washington*, 547 U.S. 813, 827 (2006).

Further, it was not an unreasonable determination of the facts for the state court to hold that police legitimately believed that there was an ongoing emergency at the time they questioned the victim. 28 U.S.C. § 2254 (d)(2). The record reflects that until the officers confirmed that there were no other victims, the primary purpose of the questioning was to enable the police to meet an ongoing emergency. *See Davis*, 547 U.S. at 822.

Additionally, the state court's determination that the victim's statements to police officers were admissible was not an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). In light of the circumstances

and the ongoing emergency, the statements were not testimonial. *See Davis*, 547 U.S. at 822.

Finally, we agree with the district court that even if Ramirez's statements were erroneously admitted, the error did not have a "substantial and injurious effect or influence in determining" the court's judgment. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). As the state court explained, a substantial amount of other evidence supported Carpenter's conviction.

**AFFIRMED.**